**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00193-LRH-CWH |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| DONALD S. TOOMER, | |
| Defendant. | |

Before the court is defendant Donald Toomer's Motion to Dismiss the Indictment or for the Imposition of other sanctions (ECF No. 73), filed October 3, 2018, the government's response (ECF No. 80), filed November 20, 2018, and Toomer's reply (ECF No. 82), filed November 21, 2018. Toomer moves to dismiss on the basis of spoliation of evidence.

Also before the court is the government's Motion for Leave to File Sur-Reply Brief (ECF No. 84), filed on November 27, 2018, which the court will grant.

## I.   BACKGROUND

Toomer is charged in a two-count indictment with making or subscribing false tax returns, in violation of 26 U.S.C. § 7206(1). It appears that some of the evidence against Toomer results from information provided by a confidential informant ("CI"). Although titled as a motion to dismiss or for other sanctions, Toomer asks for a hearing to determine whether the government failed to preserve telephone recordings with the CI. He argues that the CI had an obligation to record telephone calls with Toomer beginning in June 2014, but that telephone records prove that calls were made for which there are no corresponding recordings. Because he has not received recordings for those four calls, he argues that either the CI failed to comply with his directions from law enforcement, or law enforcement lost or destroyed the recordings. If the government

failed to preserve evidence in bad faith, he argues that he may have suffered a due process violation. He also notes Title III intercepts were approved in this case, but the CI failed to use the telephones approved for intercepts.

The government responds that the CI had no obligation to record telephone calls until November 2014, it has produced all the recordings in its possession, and there are no recordings of the calls that Toomer has identified. It also argues that because Toomer fails to identify anything exculpatory about the alleged conversations which were not recorded, no sanctions are appropriate. The government also notes that there is no obligation to use a telephone approved for a Title III intercept. Finally, the government argues Toomer's motion to dismiss reiterates arguments raised in a previously-filed supplement.[1]

Toomer replies that the government's response was untimely and should be disregarded, that the CI had a duty to record his telephone conversations at a time when they were not recorded, and that a hearing is necessary to determine appropriate sanctions. In its sur-reply, the government argues that its response was timely under LCR 12-1(a)(2).[2]

## II.   DISCUSSION

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure entitles a defendant to inspect and copy tangible things in the government's possession, custody, or control, such as books, papers, documents, etc., provided: (1) the item is material to preparing the defense; (2) the government intends to use the item in its case-in-chief at trial; or (3) the item was obtained from

---

[1] In reviewing the docket in this case, the court notes Toomer's previously-filed supplement (ECF No. 54) was not filed as a motion and therefore was not marked as an action item for the court and was not considered in the court's previous report and recommendation (ECF No. 59). Going forward, Toomer is advised to style requests for relief as motions per Local Rule IA 7-1(b).

[2] The government's response was late per Local Criminal Rule 12-1(a)(2), which requires all responses to pretrial motions to be filed and served with 14 days from service of the motion. While LCR 12-1(b) specifies certain types of pretrial motions that must be filed 30 days from the arraignment as stated in LCR 12-1(a)(1), it does not provide an exception to the 14-day response deadline for all pretrial motions. Regardless, the court in its discretion will resolve pretrial motions on the merits and has therefore considered the government's response. Going forward, the government is advised to observe the 14-day response deadline for all pretrial motions.

or belongs to the defendant. "'[T]o obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality.'" *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016) (citations omitted). This "threshold showing of materiality…requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (*quoting United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990)). Although the materiality threshold is "low," "[n]either a general description of the information sought nor conclusory allegations of materiality suffice[.]" *Id.* at 804 (*quoting Mandel*, 914 F.2d at 1219); *see also id.* at 894–95.

Due process requires that criminal prosecutions "comport with prevailing notions of fundamental fairness." *California v. Trombetta*, 467 U.S. 479, 485 (1984). The government must afford criminal defendants "a meaningful opportunity to present a complete defense," *id.*, which in turn requires that it must provide an accused with exculpatory evidence. There is a duty to preserve only evidence "that might be expected to play a significant role in the suspect's defense," *id.* at 488, i.e., evidence that both "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and . . . [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489. "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (quotation omitted). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* (quotation omitted).

First, the government says it has produced all the recordings between the CI and Toomer that it possesses, and so this court cannot order the government to produce something it does not possess. Even if recordings once existed, but were destroyed or lost, Toomer fails to provide any information for the court to determine whether the missing recordings are exculpatory, or even material to the defense, thereby satisfying the threshold requirements for production under Rule 16 or *Trombetta*. The "mere possibility" that the lost or destroyed evidence is exculpatory does not meet the materiality standard. *United States v. Agurs*, 427 U.S. 97, 110-111 (1976). Absent

such information, the hearing requested by Toomer would not be productive or required.[3]

Second, the parties dispute the date on which the CI was instructed to record his telephone conversations, and Toomer wants a hearing to establish the correct date. But the date is of no legal consequence. Assuming it is true, as Toomer alleges, that the CI failed to follow instructions to record all telephone calls with him beginning in June 2014, Toomer does not provide any authority to support the argument that such a failure should result in a dismissal of the indictment or other sanction. A CI's failure to comply with law enforcement instructions may be a fertile topic for cross examination, but it does not justify dismissal.

Finally, Toomer provides no authority to support the argument that because a Title III intercept was authorized on a particular telephone number, the CI was required to use only that telephone, and that the failure to use the telephone justifies dismissal or other sanction. The failure to use the Title III telephone does not prove that recordings were lost. For these reasons, a hearing to explore this issue is unnecessary.

### III.   CONCLUSIONS

IT IS THEREFORE ORDERED that the government's Motion for Leave to File Sur-Reply Brief (ECF No. 84) is GRANTED.

IT IS RECOMMENDED that defendant Toomer's motion to dismiss or for sanctions (ECF No. 73) be DENIED.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

---

[3] Concurrent with this report and recommendation, the court is entering a separate order granting Toomer's motion for issuance of a Rule 17(b) subpoena (ECF No. 72) as to the CI's notes regarding his communications with Toomer. If Toomer obtains information from the subpoena that would provide a good-faith basis to re-urge his motion to dismiss, he may request leave of court to do so.

objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 28, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE