# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00193-LRH-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DONALD S. TOOMER, | |
| Defendant. | |

Before the court is defendant Donald Toomer's Motion for Issuance of a Rule 17(c) Subpoena (ECF No. 72), filed on October 3, 2018. The government filed a response (ECF No. 80) on November 20, 2018. Toomer filed a reply (ECF No. 83) on November 21, 2018.

Toomer requests a subpoena under Rule 17(c) of the Federal Rules of Criminal Procedure directed to the confidential informant ("CI") in this case for production of his notes regarding his cooperation with the government, including documentation of the CI's communications with the FBI and of the CI's recording of telephone conversations with Toomer. The government does not oppose the motion to the extent the subpoena is tailored to cover only the notes relating to the CI's communications with Toomer. The government argues the remainder of the notes would have nothing to do with Toomer or his contention that certain telephone conversations were not recorded, or the recordings were destroyed.

Rule 17(c)(1), which governs producing documents and objects, provides that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The moving party bears the burden of showing good cause for the requested pretrial production, which requires a showing that: (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the defendant cannot properly prepare for trial without production in advance of trial and that failure to obtain the documents may unreasonably delay the trial; and (4) the application is made in good faith and not intended as a fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (*citing United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

In *Nixon*, Supreme Court identified "three hurdles" that a moving party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Id.* at 700. The moving party must "show the evidentiary nature of the requested materials . . . ." *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance or admissibility are not sufficient. *United States v. Sellers*, 275 F.R.D. at 623-24. Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, instead, "there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged." *Id.* at 624 (*citing Nixon*, 418 U.S. at 700). The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents" and to discourage "fishing expedition[s]." *Id.* (quotations omitted).

Here, the CI's notes regarding his conversations with Toomer are relevant and have an evidentiary use because the notes may document conversations that were not recorded and are material to Toomer's defense. Toomer's counsel represents that she requested the notes from the CI's counsel, who declined to produce the notes absent a court order. Thus, the CI's notes are not otherwise procurable before trial by exercise of due diligence, and Toomer requires the notes to prepare for trial. Regarding specificity, however, Toomer has not demonstrated good cause for the CI's production of all his notes regarding his participation with the FBI, some of which may not even mention Toomer or bear on his defense. Thus, the court will limit the subpoena to the CI's notes regarding his communications with Toomer.

IT IS THEREFORE ORDERED that Donald Toomer's Motion for Issuance of a Rule 17(c) Subpoena (ECF No. 72) is GRANTED. Toomer must file a proposed subpoena for the court's consideration that is consistent with this order.

DATED: December 28, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE